UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EGOROV DMITRIY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KUCHUK YURIY,<br><br>　　　　　Defendant. | No. 2:20-cv-00011 JAM AC PS<br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><u>TO DISMISS WITH PREJUDICE</u> |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. ECF No. 2. <u>See</u> 28 U.S.C. § 1915(a)(1).

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

1

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc).

## II. COMPLAINT

On January 2, 2020, Egorov Dmitriy[1] filed this action pursuant to a section of the U.S. Criminal Code, 18 USC § 241. ECF No. 1. Plaintiff alleges defendant follows him in stores with his cell phone with private questions. ECF No. 1 at 2. Plaintiff alleges defendant is part of a British-Russian conspiracy to get cash from the Department of Social Services IHSS (In-Home Support Services). Id. Plaintiff seeks 999 trillion dollars in damages. Id. Plaintiff alleges federal question jurisdiction and states that both he and defendant are citizens of the State of California. ECF No. 1 at 3.

## III. THE COURT LACKS JURISDICTION AND THE COMPLAINT IS FRIVOLOUS

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Here, plaintiff sues exclusively under the criminal code. A citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Because plaintiff's complaint does not contain any viable federal cause of action and because both plaintiff and defendant are alleged to

---

[1] Plaintiff brings this complaint as "Egorov Dmitriy" though the court notes that the complaint follows the pattern of Dmitriy Yegorov, a litigant who frequently files in the Eastern District of California, who has been repeatedly cautioned that he cannot bring a claim under the criminal code. Indeed, Mr. Dmitriy is assumed to be Mr. Yegorov in a recent order to show cause regarding vexatious litigant status issued in another pending case. See Dmitriy v. Bella, 2:20-cv-00010 TLN KJN, ECF No. 3 at 2, n.1.

| | |
|---|---|
| 1 | be California citizens, there is no basis for federal jurisdiction under either 28 U.S.C. § 1331 or § |
| 2 | 1332.  Dismissal with prejudice is further supported by the fact that the complaint is clearly |
| 3 | frivolous, lacking any basis in law or fact.  <u>Neitzke</u>, 490 U.S. at 325. |
| 4 |   Although the court ordinarily grants leave to amend with great liberality, especially to pro |
| 5 | se litigants, the nature of plaintiff's complaint here compels the conclusion that granting leave to |
| 6 | amend would be futile.  See <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996). |
| 7 | Because there is an incurable lack of jurisdiction over this dispute and because the complaint is |
| 8 | frivolous, the case must be dismissed with prejudice. |

IV.  CONCLUSION

  Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Complaint (ECF No. 1) be DISMISSED for lack of subject matter jurisdiction and frivolity;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot; and
3. This case be closed.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

  IT IS SO RECOMMENDED.

DATED: January 15, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE